*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANE CISSELL as trustee of the JANE SHERZER
CISSELL TRUST,

       Plaintiff/Counterdefendant-Appellant,

V

ROBERT BENNETT,

       Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
April 17, 2026
11:07 AM

No. 368823
Livingston Circuit Court
LC No. 2020-030887-CZ

---

JANE SHERZER CISSELL,

       Plaintiff/Counterdefendant-Appellant,

V

LORIE ANN BENNETT,

       Defendant/Counterplaintiff-Appellee.

No. 368824
Livingston Circuit Court
LC No. 2023-031889-CZ

---

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

TREBILCOCK, P.J. (*concurring*).

I concur with the majority that the trial court improperly relied on the 1907 and 1954 deeds and committed clear error by finding that the center line of the driveway served as the agreed-upon boundary line between the properties. I respectfully part ways, however, with the majority's conclusion that the Bennetts' acquiescence claim failed entirely.

Unlike my colleagues, I believe a preponderance of the evidence demonstrates that the parties' immediate predecessors—Jack Sherzer and Gerald Baumgras—mutually understood, for more than 15 years, that an old ash tree served as the properties' boundary line, such that the alleged encroachments fell entirely on Baumgras's property. As such, Baumgras acquired title to that portion of the disputed property under the doctrine of acquiescence. I would therefore remand

to the trial court for a determination of the exact acquiesced-to boundary line based on the location of the old ash tree.

/s/ Christopher M. Trebilcock